IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MOHAMMAD ZUBAER ALAM TAZIN, A# 219 847 673,<br><br>    611 S Garfield Avenue<br>    Champaign, IL 61821<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve: U.S. Citizenship & Immigration<br>          Services<br>          5900 Capital Gateway Dr<br>          Camp Springs, MD 20588<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve: Executive Office<br>          Office of the Legal Adviser<br>          Suite 5.600<br>          600 19th St. NW<br>          Washington, DC 20522<br><br>UNITED STATES DEPARTMENT OF STATE, Waiver Review Division<br><br>Serve:  Department of State J-1 Waiver<br>           P.O. Box 979037<br>           1005 Convention Plaza<br>           St. Louis, MO 63101-1200<br><br>UR MENDOZA JADDOU, Director, United States Citizenship and Immigration Services, | Case No. 4:22-cv-4 |

1

Serve:  U.S. Citizenship & Immigration
Services
5900 Capital Gateway Dr
Camp Springs, MD 20588

ANTONY BLINKEN, United States Secretary of State,

Serve:  Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

and,

KATHY BARAN, Director of the California Service Center of the United States Citizenship and Immigration Services,

Serve:  Kathy Baran
USCIS California Ser vice Center
24000 Avila Road
Laguna Niguel, CA 92677

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S I-612 APPLICATION TO WAIVE FOREIGN RESIDENCE REQUIREMENTS

Plaintiff Mohammad Zubaer Alam Tazin respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to waive foreign residence requirements or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application.

## PARTIES

1. Plaintiff Mohammad Zubaer Alam Tazin is a citizen of Bangladesh.

2

2. Mohammad Tazin resides in Champaign, IL.

3. Mohammad Zubaer Alam Tazin is married to a U.S. citizen named Amanda Cody Alam.

4. Mohammad Zubaer Alam Tazin entered the United States under a J1 visa on August 5, 2009 and departed after his J1 exchange program on June 2, 2010. He returned to the United States on an F1 visa August 11, 2010.

5. Mohammad Tazin filed an I-612 Application to Waive Foreign Residence Requirements based on Exceptional Hardship on or about January 8, 2021. Defendants assigned Receipt Number WAC109950198. Mohammad Zubaer Alam Tazin filed the DS-3035 J-1 Visa Waiver Review Application with the Department of State on or about January 8, 2021. The Department of State case number is 1176717.

6. Amanda Cody Alam filed a visa petition for Mohammad Zubaer Alam Tazin with the USCIS on or about March 17, 2021. The receipt number is MSC2191062416. The couple filed an accompanying I-485 Application for Adjustment of Status on Plaintiff's behalf on that same date as well.  Defendants assigned Receipt Number MSC2191062415 to Plaintiff's case.

7. USCIS completed the fingerprinting and photographing of Mohammad Zubaer Alam Tazin as part of the processing of the pending applications.

8. Defendants conducted an interview on the couple's I-130 application and the corresponding I-485 application for adjustment of status on September 21, 2021.

9. Since then, the Defendants have taken no action on the pending adjustment application, and upon information and belief, the reason for this is that a decision on the I-612 Application to Waive Foreign Residence Requirements has remained pending far longer than is reasonable. On April 28, 2021 the I-612 Application to Waive Foreign Residence Requirements case was put on hold by USCIS who requested an advisory opinion from the Department of

3

State. Forms I-612 and I-613 were received by the Department of State on or about June 4, 2021

10.     Since Mohammad Zubaer Alam Tazin filed the I-612 Application to Waive Foreign Residence Requirements with USCIS, the has made repeated requests to have their case finally adjudicated.

11.     Despite numerous calls to USCIS and his attempts to prompt movement on the case, Mohammad Zubaer Alam Tazin's Application to Waive Foreign Residence Requirements has remained pending far longer than is reasonable.

12.     USCIS has refused to adjudicate Application to Waive Foreign Residence Requirements' application in accordance with applicable legal criteria.

13.     Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application as required by law.

14.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

15.     Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing
The Waiver Review Division.

16.     Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest-ranking official within the USCIS.  Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

17.     Defendant Antony Blinken, the U.S. Secretary of State, is the highest-ranking official within the DOS. Blinken is responsible for the implementation of the INA and for

ensuring compliance with applicable federal laws, including the APA. Blinken is sued in his official capacity as an agent of the government of the United States.

18. Defendant Kathy Baran is the Director of the California Service Center of the United States Citizenship and Immigration Services and is sued only in an official capacity, as well as any successors and assigns. The California Service Center is the office in which the I-612 Application to Waive Foreign Residence Requirements was received and is currently pending. Kathy Baran is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA; and is being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

1. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

2. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and (3) Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

3. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

4. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

5. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

6. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

7. The combined delay and failure to act on Mohammad Zubaer Alam Tazin's Application to Waive Foreign Residence Requirements is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

8. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

9. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

6

10. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

11. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

12. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

13. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Mohammad Zubaer Alam Tazin requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Mohammad Tazin's Application to Waive Foreign Residence Requirements within sixty days.

3. That this Honorable Court take jurisdiction of this matter and adjudicate Mohammad Tazin's Application to Waive Foreign Residence Requirements pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff a decision on his Application to Waive Foreign Residence Requirements;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may

take to accelerate processing of the Application to Waive Foreign Residence Requirements;

      6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

      7.      Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**January 4, 2022**

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**MOHAMMAD ZUBAER ALAM TAZIN**
